{¶ 14} I respectfully disagree with the majority's conclusion in this case. Appellant has argued insufficiency of the evidence and it appears that the majority has applied the test for manifest weight. It is my opinion that the State failed to establish an essential element of the crime of vandalism as set forth in R.C. 2909.05(B)(1)(b). Therefore, I would find the evidence insufficient to sustain a conviction as a matter of law.
 {¶ 15} In order to prove that the crime of vandalism took place in this instance, the State must prove beyond a reasonable doubt that on or about March 28, 2005 in Seneca County, Uballe (1) knowingly, (2) caused, (3) physical harm to property owned by another, (4) when, regardless of the value or the amount of damage done to said property, the property or its equivalent was necessary for its owner to engage in heroccupation. See R.C. 2909.05(B)(1)(b). (Emphasis added.)
 {¶ 16} Upon a review of the testimony concerning whether the car was required for Brenda to engage in her occupation, I cannot come to the conclusion that her car was necessary for her to conduct her occupational services. The relevant testimony the State presented as to this element of the offense was provided by Brenda herself. Brenda testified that she is a home health care assistant and works directly with Jackie and Stephen Vance each and every day and that they are her only clients. Brenda also testified that she uses her vehicle to get to their residence and occasionally runs errands. Brenda also noted that on the day in question when the tires on her vehicle were slashed, she was asked "And, did you pick [Jackie] up?" to which she responded, "Well I went there. We used her van. [Jackie and Stephen Vance] don't fit too well in my little car." There is no evidence that the vehicle was required for her employment or necessary for her to engage in her occupational services.
 {¶ 17} In State v. Webb (Nov. 15, 1991), 6th Dist. No. L-90-280, the Sixth District found insufficient evidence to support the trial court's ruling of guilty for vandalism as set forth in R.C. 2909.05(B)(1)(b). The trial court established that the testimony of the owner of a vehicle that was damaged was not sufficient to establish that she used the vehicle in her profession, business, trade or occupation when she only used the car as a means of transportation to her place of work.
 {¶ 18} It is my opinion that the record reflects that Brenda only used her vehicle as a means of transportation to her work location, and that is not sufficient to establish beyond a reasonable doubt that the vehicle was necessary for her to engage in her occupation. Seeing that the State failed to establish an essential element of the crime of vandalism as set forth in R.C. 2909.05(B)(1)(b), I would vacate the judgment of the trial court.